WOLF v. VAN METRE *et al.*

Judicial sale: ADJOURNMENT BY ATTORNEY.   The sheriff has no power
to authorize the attorney of one of the parties to adjourn a judicial
sale; and for such an irregularity a sale on the day to which the
adjournment was made will be held invalid.

*Appeal from Benton District Court.*

THURSDAY, JUNE 24.

THE land of defendants was sold upon an execution is-
sued upon plaintiff's judgment against them, and they,

by proper motion, sought to set aside the sale on account of certain irregularities in the proceedings of the sheriff. The plaintiff and purchaser had proper notice of the pendency of the motion. The District Court overruled the motion, and defendants appeal.

*C. H. Conklin* and *I. M. Preston* for the appellants.

*Traer & Gilchrist* for the appellee.

BECK, J. — It appears from the return of the sheriff upon the execution, that, on a day fixed for the sale of the land, not being present by himself or deputy, the sale was adjourned by plaintiff's attorney, who was, by the sheriff, authorized so to do. The adjournment was from the 9th to the 11th of July. The return states that plaintiff's attorney adjourned the sale because there were no bidders. The land was sold on the 11th of July.

The sale cannot be sustained and must be set aside. It was clearly a gross irregularity for the sheriff to intrust his business with the plaintiff's attorney. This was done, too, without any attempt to authorize him to act as a deputy, which, however, would have been scarcely less objectionable. The duty of selling property upon execution, which the law imposes upon the sheriff, is often attended with grave responsibilities, and always must be fairly and impartially discharged. To permit the sheriff to authorize an attorney of either party to discharge the duty for him, would open a wide door to fraud and abuse. It would substitute for the sheriff, a sworn, impartial officer, one interested in the matter, and not bound by an oath to discharge the duty fairly. It may be that in this case the duty was discharged fairly by the attorney, and that defendant's interests were in no way prejudiced by his acts. But it is better to adhere strictly to a rule that

will, in all cases, remove temptations to unfair dealing from sheriffs and attorneys, and prevent the possibility of fraud and consequent litigation, than to examine into particular transactions in violation of such rule, and sustain them if fair and honest. Such a course will more certainly attain, in all cases, the ends of justice.

It is unnecessary to consider the other objections made to the regularity of the sale.

Under an agreement of the parties, filed in a cause between the same parties, and concerning the same subject-matter, it is stipulated that, in case the decision in that case be adverse to defendants herein, and in this case to plaintiff, the sale shall stand, and defendants shall have one year from the date of the decree in that case to redeem the land from the sale. The terms of the stipulation are embodied in the decree in that case, and will not be interfered with in this case. This cause will be reversed, but no procedendo will issue, and the sale will be permitted to stand, subject to redemption as provided for by the said stipulation of the parties and the decree in the other cause.

Reversed.